## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| VICTOR GUTIERREZ, | CASE NO. 5:22-cv-02264 |
| Petitioner, | DISTRICT JUDGE BENITA Y. PEARSON |
| vs. | |
| KENNETH BLACK, WARDEN, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT & RECOMMENDATION** |

Petitioner Victor Gutierrez ("Petitioner" or "Mr. Gutierrez") brings this habeas corpus action pursuant to 28 U.S.C. § 2254 based on his conviction for complicity to trafficking in cocaine in Wayne County Court of Common Pleas, Case No. 2018-CRC-1-000069.  (ECF Doc. 1 ("Petition").)  He filed his Petition pro se on November 15, 2022.[1]  (*Id.*)  This matter was assigned to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  The case is fully briefed and ripe for decision.  (ECF Docs. 5, 7, 9, 10.)[2]

For the reasons set forth herein, the undersigned recommends that the Court **DISMISS** Mr. Gutierrez's Petition because Grounds One and Two were procedurally defaulted.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Mr. Gutierrez's Petition was docketed on December 16, 2022 (ECF Doc. 1) and placed in the prison mailing system on November 15, 2022 (*id.* at p. 24).

[2] On August 23, 2023, Petitioner filed a "Reply to Respondent's Response to Traverse," asking for leave to file the reply.  (ECF Doc. 10.)  The undersigned deems this filing a motion for leave to file a sur-reply, grants the motion for leave, and will consider Petitioner's sur-reply in this decision.

## I.     Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

The Ninth District Ohio Court of Appeals summarized the facts underlying Mr. Gutierrez's conviction and sentence as follows:

> [¶2] A convicted drug trafficker ("A.P.") was caught by his probation officer with 5 grams of cocaine and $4,000.00 in cash while on community control. He soon struck a deal to be paid $550.00 and avoid prosecution by cooperating with the Medway Drug Enforcement Agency ("Medway") in an investigation into the alleged source of his cocaine: Mr. Gutierrez. Through recorded phone calls and texting, A.P. arranged to purchase cocaine from Mr. Gutierrez, which soon led to a controlled buy where A.P. made a partial payment of $600.00 cash to Mr. Gutierrez's associate ("K.O.") and received a "brick" of cocaine weighing 140.45 grams. On two separate occasions, and while under surveillance, A.P. met Mr. Gutierrez and paid him another $3,900.00 cash and $1,500.00 cash, respectively. The money used by A.P. to pay for the drugs was all documented and supplied by Medway.
>
> [¶3] Mr. Gutierrez was charged with two first-degree felonies—trafficking in cocaine and possession of cocaine—both of which were accompanied by major drug offender ("MDO") specifications. After a bench trial, the trial court granted Mr. Gutierrez's *Crim.R. 29* motion for acquittal as to the possession charge, but then found him complicit in, and therefore guilty of, the trafficking charge and its attendant MDO specification. The court sentenced him to a mandatory prison term of 11 years and imposed a mandatory fine of $10,000.00.

*State v. Gutierrez*, 2019-Ohio-4626, ¶¶ 2-4, 2019 WL 5894215, at *1 (Ohio Ct. App. Nov. 12, 2019); (ECF Doc. 5-1, pp. 61-62).

## II.    Procedural Background

### A.    State Court Conviction

On January 19, 2018, a Wayne County Grand Jury indicted Mr. Gutierrez on one count of trafficking in cocaine with a major drug offender specification (O.R.C. §§ 2925.03(A)(1), 2941.1410(A)) (Count 1) and one count of possession of cocaine with a major drug offender specification (O.R.C. §§ 2925.11(A), 2941.1410(A)) (Count 2).  (ECF Doc. 5-1, pp. 6-7.)  Mr. Gutierrez pleaded not guilty to all counts.  (*Id.* at p. 9.)

Prior to trial, Mr. Gutierrez waived his right to a jury trial.  (*Id.* at p. 11.)  After a bench trial held on August 13, 2018, the court found Mr. Gutierrez guilty of Count 1 and not guilty of Count 2.  (*Id.* at p. 13.)  The trial court sentenced him to a mandatory prison term of 11 years, a mandatory fine of $10,000.00, and five years mandatory post-release control.  (*Id.* at pp. 13, 16.)

### B.    Direct Appeal

On August 14, 2018, Mr. Gutierrez, through counsel, filed a timely notice of appeal with the Ninth District Court of Appeals in Wayne County, Ohio.  (ECF Doc. 5-1, p. 18.)  In his appellate brief, Mr. Gutierrez raised the following assignments of error:

1. THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO SUPPORT THE APPELLANT'S CONVICTION.

2. THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEYS DID NOT OBJECT TO THE INTRODUCTION OF "OTHER ACTS" EVIDENCE DURING THE APPELLANT'S TRIAL.

(*Id.* at p. 23.)  The State filed its brief in opposition on May 6, 2019.  (*Id.* at pp. 37-59.)  On November 12, 2019, the Court of Appeals overruled both assignments of error and affirmed the trial court's judgment.  (*Id.* at pp. 61-68.)

3

Mr. Gutierrez, through counsel, filed a timely Notice of Appeal to the Ohio Supreme Court (*id.* at pp. 71-72) and a memorandum in support of jurisdiction (*id.* at pp. 75-86).  He raised the following propositions of law:

1. A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT MAY BE SUSTAINED IF THE FAILURE TO OBJECT IS NOT A REASONABLE, VALID TRIAL STRATEGY OR TACTIC.

2. TRIAL STRATEGIES OR TACTICS ARE NOT PER SE EFFECTIVE ASSISTANCE OF COUNSEL.

(*Id.* at p. 76.)  The State waived filing a memorandum in response (*id.* at p. 89), and the Ohio Supreme Court declined to accept jurisdiction of the appeal on March 3, 2020 (*id.* at p. 91).

## C.     Motion for a New Trial

Mr. Gutierrez filed a pro se motion for leave to file a delayed motion for a new trial pursuant to Ohio Crim. R. 33(B) in the trial court on January 22, 2021.  (ECF Doc. 5-1, pp. 93-111.)  He asserted that he was unavoidably delayed in filing a motion for a new trial because he had only recently learned that the officers who testified against him at trial had conducted a warrantless search of his home and lied about it on the stand.  (*Id.* at pp. 101-02.)  On that same date, he filed a motion for a new trial pursuant to Ohio Crim. R. 33(A).  (*Id.* at pp. 113-36.)  He raised the following claims to support his motion:

1. Defendant was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendment[s] to the United States Constitution when counsel failed to conduct a reasonable investigation of the case.

2. Defendant was denied the effective assistance of appellate counsel, in violation of the Sixth and Fourteenth Amendment[s] to the United States Constitution, when counsel failed to inform Defendant of the potential post-conviction issues in this case or the mandatory procedures involved with such pleadings.

4

(*Id.* at pp. 117, 129.)  The State filed a brief in opposition to the motion for leave to file a delayed

motion for a new trial (*id.* at pp. 138-44), and Mr. Gutierrez filed a response (*id.* at pp. 146-54).

After holding a hearing, the trial court denied the motion for leave on July 29, 2021, finding that

Mr. Gutierrez failed to show by clear and convincing evidence that he was unavoidably delayed

from filing a timely motion for a new trial.  (*Id.* at pp. 156-57.)

On August 26, 2021, Mr. Gutierrez filed a pro se notice of appeal with the Ninth District

Court of Appeals.  (*Id.* at p. 159.)  He filed his appellate brief on January 11, 2022 (*id.* at pp.

163-80), raising the following two assignments of error:

> 1.      THE TRIAL COURT ABUSED ITS DISCRETION IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS WHEN IT DETERMINED THAT APPELLANT FAILED TO EXERCISE REASONABLE DILIGENCE.
>
> 2.      APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON HIS DIRECT APPEAL OF RIGHT, WHEN COUNSEL FAILED TO INFORM HIM OF POTENTIAL POST-CONVICTION ISSUES AND THE MANDATORY PROCEDURES INVOLVED WITH SUCH PROCEEDINGS.

(*Id.* at p. 164.)  The State filed a brief in response (*id.* at pp. 182-99), and the court of appeals

affirmed the trial court's decision denying Mr. Gutierrez's motion for leave on June 30, 2022 (*id.*

at pp. 217-24).

On July 22, 2022, Mr. Gutierrez filed a notice of appeal with the Supreme Court of Ohio

(*id.* at p. 227) and memorandum in support of jurisdiction (*id.* at pp. 231-43).  He raised the

following two propositions of law:

> 1.      WHEN AN APPELLATE COURT AFFIRMS A TRIAL COURT'S DENIAL OF A COLLATERAL PROCEEDINGS FOR FAILING TO ESTABLISH UNAVOIDABLE PREVENTION, ON THE BASIS OF AN ERRONEOUS FACTUAL DETERMINATION, APPELLANT IS DENIED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTIONAL [sic], AND ARTICLE 1, SEC. 10 and 16 OF THE OHIO CONSTITUTION.

2.      WHEN TRIAL AND APPELLATE COUNSEL FAIL TO INFORM THEIR CLIENT OF POTENTIAL COLLATERAL ISSUES AND THE MANDATORY PROCEDURES REQUIRED IN THOSE PROCEEDINGS THAT CLIENT IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENT[s] TO THE UNITED STATES CONSTITUTION.

(*Id.* at p. 232.)  The State waived its response (*id.* at p. 254), and on September 13, 2022, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Gutierrez's appeal (*id.* at p. 256).

**D.      Federal Habeas Corpus Petition**

Mr. Gutierrez raises two grounds for relief in his Petition:

**GROUND ONE**: PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTENTH AMENDMENT RIGHTS RESULTING IN THE STATE COURT'S REFUSAL TO ADDRESS THE MERITS OF HIS NEW TRIAL MOTION.

**GROUND TWO**:   PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS DIRECT APPEAL WHEN APPELLATE COUNSEL FAILED TO INFORM HIM OF POTENTIAL POST-CONVICTION ISSUES AND THE MANDATORY PROCEDURES REQUIRED IN SUCH COLLATERAL PROCEEDINGS.

(ECF Doc. 1, pp. 14, 21.)

### III.      Law & Analysis

Respondent argues the Petition should be dismissed or denied because: (1) Mr. Gutierrez's claims for relief are barred by the statute of limitations (ECF Doc. 5, pp. 6-10); (2) Mr. Gutierrez procedurally defaulted his claims by failing to properly present them to the state courts (*id.* at pp. 13-15); and (3) the grounds for relief asserted in the Petition are without merit (*id.* at pp. 15-21).  (*See also* ECF Doc. 9.)  Mr. Gutierrez argues in response that his claims are timely filed, not procedurally defaulted, and meritorious.  (ECF Docs. 1, 7, 10.)

For the reasons set forth in further detail below, the undersigned concludes that Mr. Gutierrez's claims are procedurally defaulted, and therefore does not address Respondent's alternative arguments that the Petition is untimely or should be denied on the merits.[3]

## A.      Standard of Review Under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).   "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies."  *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)).  Further, if an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted unless the adjudication of the claim"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3] Because the statute of limitations does not present a jurisdictional bar to habeas review, this Court is not required to address the statute of limitations before considering questions of procedural default or the merits of the Petition. *See Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 1004 (2024).

28 U.S.C. §§ 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).  The burden of proof rests with the petitioner.  *Cullen*, 563 U.S. at 181.

**B.**     **Legal Standard for Procedural Default**

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  *See* 28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  *See* 28 U.S.C. §§ 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").

To satisfy the fair presentation requirement, a habeas petitioner must present both the facts and legal theories underpinning his claims to the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 33-34 (2004); *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987).  A constitutional claim for relief must also be presented to the state's highest court to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A petitioner must also meet certain procedural requirements to have his claims reviewed in federal court.  *See Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United*

*States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, the two are distinct concepts.  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition," while procedural default applies where state court remedies are no longer available.  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).

Procedural default may occur in two ways.  First, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*  In *Maupin v. Smith,* the Sixth Circuit articulated a four-prong analysis to use when determining whether a claim is procedurally barred due to failure to comply with a state procedural rule: (1) whether the state procedural rule is applicable to petitioner's claim, and petitioner failed to comply with the rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can show cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'"  *See Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *State v. Moreland*, 50

Ohio St. 3d 58, 62 (1990) (finding failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. Thus, even if the exhaustion requirement is technically satisfied because no state remedies remain available to the petitioner, the petitioner's prior failure to present those claims for consideration in state court may cause a procedural default that bars federal court review of the claims. *See id.* (citing *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)).

To overcome procedural default, a petitioner must: (1) show cause for the default and demonstrate that actual prejudice resulted from the alleged violation of federal law; or (2) show that there will be a fundamental miscarriage of justice if the claims are not considered. *See Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

## C.  The Petition Should be Dismissed Based on Procedural Default

Respondent argues that both of Petitioner's grounds for relief were procedurally defaulted. (ECF Doc. 5, pp. 13-15.) While Petitioner responds generally that his claims were not procedurally defaulted (ECF Doc. 7, p. 1), he does not offer substantive arguments as to why his claims were not procedurally defaulted, nor does he argue that cause and prejudice excuse the default; instead, he argues that the state court decisions applying a procedural bar to his claims were contrary to or an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. (ECF Doc. 7, pp. 1, 12, 14-17; ECF Doc. 10, pp. 2-4.) For the reasons set forth below, the undersigned concludes that Grounds One and Two were procedurally defaulted and should be dismissed with prejudice.

### 1.       Ground One was Procedurally Defaulted

Respondent asserts that Ground One was procedurally defaulted because: Petitioner raised the claim in his motion for leave to file a delayed motion for a new trial; that motion was denied because Petitioner did not make the required showing under Ohio Rule of Criminal Procedure 33(B) ("Crim. R. 33(B)"); and "Crim R. 33(B) 'is an adequate and independent state ground for denying habeas relief.'"  (ECF Doc. 5, p. 13 (quoting *Guy v. Warden, Ross Corr. Inst.*, No. 21-4164, 2022 WL 17547542, at *4 (6th Cir. July 27, 2022)).)  Petitioner does not directly respond to this argument.  (*See* ECF Docs. 7, 10.)  Instead, he argues that the state court erred by finding he had not shown he was unavoidably prevented from filing a timely motion for a new trial under Crim. R. 33(B).  (ECF Doc. 7, p. 14; ECF Doc. 10, pp. 2-3.)

A petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Williams*, 460 F.3d at 806.  To assess procedural default based on this standard, courts in the Sixth Circuit apply the four-prong *Maupin* analysis.  *See id.* at 807 (citing *Maupin*, 785 F.2d at 138).

Under the first prong of the *Maupin* analysis, this Court must determine whether Mr. Gutierrez failed to comply with a state procedural rule.  *See* 785 F.2d at 138.  Here, the state court found that Mr. Gutierrez did not file a timely motion for a new trial.  (ECF Doc. 5-1, pp. 156-57.)  Under Crim. R. 33(B), "[a] motion for a new trial based on newly discovered evidence must be filed within 120 days of the verdict unless the defendant was 'unavoidably prevented from discovering the evidence' within that time period."  *Mammone v. Jenkins*, 49 F.4th 1026, 1047 (6th Cir. 2022) (quoting Crim. R. 33(B)).

Mr. Gutierrez does not deny he failed to comply with the 120-day deadline in Crim. R. 33(B) when he requested leave to file a motion for a new trial in January 2021, over two years

after receiving a verdict in August 2018. However, he argues that the state court erred in finding that he did not meet the exception to the deadline by showing he was "unavoidably prevented" from filing a timely motion for a new trial.[4] (ECF Doc. 10, pp. 2-3.) In support of this argument, Petitioner asserts that his case is comparable to another Ohio case where the state appellate court found a defendant was unavoidably prevented from filing a timely motion for a new trial based on new witness testimony when the evidence showed on its face that no one other than the witness previously knew about his observations. (*Id.* (citing *State v. Walker*, 2023-Ohio-2689).) However, "a federal court may not second-guess a state court's interpretation of its own procedural rules." *Thompson v. Williams*, 685 F. Supp. 2d 712, 721 (N.D. Ohio 2010) (citing *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988)). Furthermore, even if a state court errs in applying its own procedural rule, the error is not cognizable in federal habeas review. *Id.* (citing *Simpson v. Jones,* 238 F.3d 399, 406-07 (6th Cir. 2000)). As Mr. Gutierrez has not meaningfully argued that he complied with Crim. R. 33(B), and the Court may not review the state court's determination that he did not meet the exception to that rule, the undersigned finds Mr. Gutierrez failed to comply with a state procedural rule and the first *Maupin* prong is met.

Under the second prong of the *Maupin* analysis, the Court must determine whether the state enforced its procedural rule. *See* 785 F.2d at 138. Here, the state appellate court enforced Crim. R. 33(B) when it upheld the trial court's finding that Petitioner failed to show by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence that

---

[4] Mr. Gutierrez also asserts in his statute of limitations argument that the state appellate court's decision upholding the denial of his Rule 33(B) motion was contrary to Ohio law in light of *State v. Bethel*, 167 Ohio St. 3d 362 (2022), because the appellate court cited the judicially created requirement that a defendant file a motion for leave to file a delayed motion for a new trial within a reasonable time after discovering the new evidence upon which he would rely—a requirement *Bethel* overruled. (ECF Doc. 7, p. 8 (citing 167 Ohio St. 3d 361; *see* ECF Doc. 5-1, pp. 221-22.) While the state appellate court did mention the reasonable time requirement, it also upheld the trial court's finding that Mr. Gutierrez was not unavoidably prevented from filing a timely motion for a new trial, noting that he "admitted he always knew the police searched his home." (ECF Doc. 5-1, pp. 221-22.)

12

would support his delayed motion for a new trial in a timely manner.  (ECF Doc. 5-1, p. 222.)
The Ohio Supreme Court declined jurisdiction.  (*Id.* at p. 256.)  Since the state court of appeals
applied Crim. R. 33(B) when it declined to allow Mr. Gutierrez to file a delayed motion for a
new trial, the undersigned finds the second *Maupin* prong is met.

Under the third prong of the *Maupin* analysis, this Court must determine whether the
procedural rule establishes an adequate and independent state law ground under which the claim
may be procedurally defaulted.  *See* 785 F.2d at 138.  The undersigned concludes, consistent
with other courts in this district, that the denial of a Crim. R. 33 motion on the ground that it is
untimely under state law is an adequate and independent state ground foreclosing federal habeas
relief.  *See, e.g., Mock v. Bracy*, No. 4:22-CV-00937, 2024 WL 2347279, at *19 (N.D. Ohio May
22, 2024) (collecting cases), *certificate of appealability denied sub nom. Mock v. Palmer,* 2024
WL 5278796 (6th Cir. Nov. 7, 2024), *and motion for relief from judgment denied sub nom. Mock
v. Palmer,* 2024 WL 4839363 (N.D. Ohio Nov. 20, 2024); *Davis v. Bradshaw*, No. 1:14CV2854,
2016 WL 8257676, at *39 (N.D. Ohio June 16, 2016), *report and recommendation adopted,*
2017 WL 626138 (N.D. Ohio Feb. 15, 2017), *aff'd*, 900 F.3d 315 (6th Cir. 2018).  Thus, the third
prong of the *Maupin* analysis has also been met, and Ground One was procedurally defaulted
unless Petitioner can show cause and prejudice to excuse the default.

If the first three prongs of the *Maupin* analysis are met, the fourth prong asks whether the
procedural default should be excused.  *See* 785 F.2d at 138.  To excuse his procedural default,
Petitioner must: (1) show cause for the default and demonstrate that actual prejudice resulted
from the alleged violation of federal law; or (2) show that there will be a fundamental
miscarriage of justice if the claims are not considered.  *See Coleman*, 501 U.S. at 750.

Mr. Gutierrez does not directly argue that cause and prejudice support excusing the procedural default of Ground One. However, his second ground for relief is premised on an assertion that his appellate counsel was ineffective for failing to advise him regarding state post-conviction relief procedures, leading to the untimely filing of his motion for a new trial. (ECF Doc. 1, pp. 21-22.) Thus, Mr. Gutierrez has argued that the procedural default of Ground One was caused by ineffective assistance of appellate counsel. Accordingly, and considering Petitioner's pro se status, the undersigned will consider whether ineffective assistance of appellate counsel may serve as cause to excuse the procedural default of Ground One.

To establish "cause" to excuse a procedural default, a petitioner must point to "something external . . . that cannot be fairly attributed to him" and "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). "Attorney error that constitutes ineffective assistance of counsel" may show "cause" to overcome default. *Id.* at 754. But a "constitutional claim of ineffective assistance of counsel" may only be asserted "at a stage of the proceedings when there is a right to counsel under the Sixth Amendment." *Smith*, 463 F.3d at 433 (citing *Coleman*, 501 U.S. at 752). Additionally, "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

Here, Mr. Gutierrez claims his appellate counsel was ineffective because he failed to adequately advise Mr. Gutierrez regarding post-conviction relief procedures—specifically the steps necessary to properly file a motion for a new trial. (ECF Doc. 1, pp. 21-22; ECF Doc. 7, pp. 14-17; ECF Doc. 10, pp. 3-4.) To the extent Mr. Gutierrez is arguing that he had ineffective assistance of counsel in seeking leave to file his motion for a new trial, that claim must fail

because there is no right to counsel for collateral or post-conviction proceedings such as motions for a new trial. *See Smith*, 463 F.3d at 433 (citing *Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings") (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and *Murray v. Giarratano*, 492 U.S. 1 (1989))); *see also Pudelski v. Wilson*, 576 F.3d 595, 610 (6th Cir. 2009) (finding a motion for new trial filed before a direct appeal is part of that appeal, while a later-filed motion for new trial is a collateral proceeding).

Petitioner argues based on the Sixth Circuit's decision in *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), that this Court should find appellate counsel was required to advise him of the procedures for seeking post-conviction relief, and that "this argument is analytically separate from the issue of whether Gutierrez's appellate counsel was obligated to file such a petition" and "is also separate from the issue of whether Gutierrez had a constitutional right to the effective assistance of counsel in a collateral proceeding."  (ECF Doc. 7, p. 15; *see id*. at pp. 14-17; ECF Doc. 10, pp. 3-4.)  In *Gunner*, the Sixth Circuit held that appellate counsel has an obligation to inform a client of the deadlines for filing a post-conviction motion challenging the effectiveness of *trial* counsel, and that failure to do so can constitute ineffective assistance of appellate counsel sufficient to excuse a procedural default that would bar a habeas claim.  749 F.3d at 516-20.  But the Sixth Circuit later declined to expand *Gunner's* holding to advice about filing an application to reopen a direct appeal under Ohio App. Rule 26(B), which challenges the effectiveness of *appellate* counsel rather than *trial* counsel.  *See McClain v. Kelly*, 631 F. App'x 422 (6th Cir. 2015) (noting Supreme Court precedent supportive of *Gunner* was "limited by its express terms to the ineffective-assistance-of-*trial*-counsel context") (emphasis in original).  Petitioner has not identified any cases extending *Gunner's* holding to Crim. R. 33(B) motions, and *McClain*

suggests that such an extension would be inappropriate here, where Petitioner sought to challenge the effectiveness of *appellate* counsel.

Ultimately, this Court need not decide whether *Gunner*'s holding may be extended to Crim R. 33(B) motions. Even if Petitioner's appellate counsel performed deficiently by failing to advise him about the procedures for filing a motion for a new trial, Petitioner procedurally defaulted that claim for the reasons discussed in Section III.C.2, *infra*. "[A] claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim." *Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). Thus, Mr. Gutierrez has failed to establish cause to excuse the procedural default of Ground One. Since he has failed to show "cause," it is not necessary to consider the issue of "prejudice." *See Engle*, 456 U.S. at 134, n. 43. Mr. Gutierrez has therefore failed to support excusing the procedural default of Ground One based on cause and prejudice.

The Court may also excuse the procedural default of Ground One if Mr. Gutierrez shows that a failure to consider the claims therein will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496). For an actual innocence claim to be credible, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). He must further "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. This standard is intended to permit petitioners with "truly extraordinary" cases a "meaningful avenue by which to avoid a manifest injustice." *Id.* (internal quotations omitted). Importantly,

"'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not argued that the procedural default of Ground One should be excused based on his actual innocence (*see* ECF Docs. 1, 7, 10), but he does refer to certain post-trial testimony from his sister regarding warrantless searches allegedly performed by federal agents and police officers at a property where Mr. Gutierrez was staying in 2017.  (ECF Doc. 7, p. 3 (citing ECF Doc. 5-3, pp. 15-16).)  In the Petition, Mr. Gutierrez asserts that this evidence is relevant because it undermines the credibility of police officers who testified at trial that no searches were conducted of Mr. Gutierrez's homes in this case.[5]  (ECF Doc. 1, pp. 14, 17, 19-20.)  This challenge to the credibility of the police officers who testified at trial is insufficient to show factual innocence, i.e., that "it is more likely than not that no reasonable juror would have convicted [Petitioner] in the light of the new evidence." *Schlup*, 513 U.S. at 327.  Accordingly, the undersigned concludes that Mr. Gutierrez has not shown that a fundamental miscarriage of justice would occur if the claims underlying Ground One were not considered. *Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496).

For the reasons set forth above, the undersigned concludes that Ground One was procedurally defaulted and that Mr. Gutierrez has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground One with prejudice.

---

[5] Mr. Gutierrez also asserts without further explanation in his Traverse that the searches allowed authorities "to gather evidence illegally." (*Id.* at p. 14.)  Not only did he fail to raise this argument in his Petition, he also failed to specifically identify any evidence that was offered against him at trial which he asserts was illegally gathered.

## 2.     Ground Two was Procedurally Defaulted

In Ground Two, Petitioner claims he was denied his Sixth Amendment right to counsel on direct appeal because his appellate counsel failed "to inform Petitioner of potential post-conviction issues," which led to his filing of an untimely motion for leave to file a delayed motion for a new trial. (ECF Doc. 1, pp. 21-22.) Respondent argues that this claim was procedurally defaulted for two reasons: (1) because the appellate court found Petitioner's ineffective assistance of appellate counsel claim should have been raised in an application to reopen a direct appeal under Ohio Rule of Appellate Procedure 26(B) ("App. R. 26(B)) and was therefore not properly before the court (ECF Doc. 5, pp. 13-14 (citing ECF Doc. 5-1, p. 223)); and (2) because "res judicata, which operates to bar Gutierrez's ineffective assistance of appellate counsel claim, has long been recognized as an adequate and independent state rule which bars federal habeas review" (*id.* at p. 14 (citing *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003))). Petitioner responds by claiming this case is controlled by *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014). (ECF Doc. 7, pp. 14-17.)

As noted above, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams*, 460 F.3d at 806. To assess procedural default based on this standard, the Court must apply the four-prong *Maupin* analysis. *Id.* at 807 (citing *Maupin*, 785 F.2d at 138).

Under the first prong of the *Maupin* analysis, this Court must determine whether Mr. Gutierrez failed to comply with a state procedural rule. *See* 785 F.2d at 138. The first prong is met here because, as the state court held, Mr. Gutierrez did not raise his ineffective assistance of appellate counsel claim via the appropriate proceeding. (*See* ECF Doc. 5-1, p. 223.) App. R. 26(B) provides that "[a] defendant in a criminal case . . . may apply for reopening of the appeal

from the judgment of conviction and sentence or a judgment of adjudication or disposition based on a claim of ineffective assistance of appellate counsel." Ohio App. R. 26(B). Ohio courts have consistently held that an App. R. 26(B) application is the sole vehicle to bring an ineffective assistance of appellate counsel claim. *See State v. Murnahan*, 63 Ohio St. 3d 60, 65 (Ohio 1992); *State v. Hale*, 2019-Ohio-3466, ¶ 10, 2019 WL 4051956, at *2 (Ohio Ct. Ap. 2019) (citing *State v. Buck*, 2017-Ohio-273, ¶ 19 (Ohio Ct. App. 2017) (citing *State ex rel. Collins v. Saffold,* 2012-Ohio-278, ¶ 6, 2012 WL 252495, at *1 (Ohio Ct. App. 2012))). Mr. Gutierrez raised his ineffective assistance of appellate counsel claim via a motion for leave to file a delayed motion for a new trial (ECF Doc. 5-1, pp. 102-04, 164), rather than an application to reopen the direct appeal under App. Rule 26(B). Thus, the first prong of the *Maupin* analysis is met.

Under the second prong of the *Maupin* analysis, the Court must determine whether the state enforced its procedural rule. *See* 785 F.2d at 138. Here, the state appellate court enforced the procedural rule requiring ineffective assistance of appellate counsel claims to be brought under App. R. 26(B), explaining: "As this Court has stated, filing an application for reopening under Appellate Rule 26(B) is the appropriate remedy for asserting a claim for ineffective assistance of appellate counsel. [Mr. Gutierrez's] claim for ineffective assistance of appellate counsel, therefore, is not properly before this Court." (ECF Doc. 5-1, p. 223 (internal quotations and citations omitted).) While the court did explain that Mr. Gutierrez's reliance on *Gunner v. Welch* was misplaced, it did not analyze the merits of his ineffective assistance of appellate counsel claim. (*Id*. at pp. 223-24.) Since the state court of appeals applied App. R. 26(B) and related case law to dismiss Mr. Gutierrez's claim of ineffective assistance of appellate counsel without reaching the merits, the undersigned finds the second *Maupin* prong is met.

Under the third prong of the *Maupin* analysis, this Court must determine whether the procedural rule establishes an adequate and independent state law ground under which the claim may be procedurally defaulted.  *See* 785 F.2d at 138.  This inquiry requires a determination that the procedural rule is "independent of the federal question and adequate to support the judgment."  *Walker v. Martin*, 562 U.S. 307, 315 (2011).  "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'"  *Id.* at 316 (quoting *Beard v. Kindler,* 558 U.S. 53, 60-61 (2009)).

In *Scuba v. Brigano*, 527 F.3d 479 (6th Cir. 2007), the Sixth Circuit held that the denial of an App. R. 26(B) application for failure to timely file the App. R. 26(B) application was an adequate and independent state ground for denying habeas relief.  *Id.* at 488.  While the situation here is distinct, in that Petitioner's Crim R. 33(B) motion was denied because he failed to seek the requested relief through an App. R. 26(B) application, a review of Ohio caselaw reflects that state courts regularly apply App. R. 26(B)'s procedural requirements when declining to address the merits of ineffective assistance of appellate counsel claims brought via alternate petitions or motions.  *See, e.g., Hale*, 2019-Ohio-3466, ¶ 10 (declining to review an ineffective assistance of appellate counsel claim on appeal from denial of a motion for a new trial because "an application for reopening under App. R. 26(B) is the appropriate remedy for asserting a claim for ineffective assistance of appellate counsel."); *Buck*, 2017-Ohio-273, ¶ 19 (declining to address an ineffective assistance of appellate counsel claim on direct appeal because "App. R. 26(B) is the appropriate remedy for asserting a claim for ineffective assistance of appellate counsel") (citing *Saffold,* 2012-Ohio-278, ¶ 6 (declining to address an ineffective assistance of appellate counsel claim in a writ of mandamus)).  Given the foregoing, the undersigned concludes that the procedural rule requiring ineffective assistance of appellate counsel claims to be brought under App. R. 26(B) is

20

an independent and adequate state ground precluding habeas review.  Thus, the third prong of the *Maupin* analysis has also been met, and Ground Two was procedurally defaulted unless Petitioner can show cause and prejudice to excuse the default.

Although Mr. Gutierrez does not present a direct argument regarding the application of the first three *Maupin* prongs (ECF Docs. 7, 10), he does argue that the Ninth District's decision declining to address the merits of his ineffective assistance of appellate counsel claim was contrary to clearly established federal law and that the Ninth District erred in finding *Gunner v. Welch* did not apply to his case (ECF Doc. 7, pp. 16-17).  For the reasons already discussed in Section III.C.1., *supra*, the undersigned finds Mr. Gutierrez has failed to show that the Sixth Circuit standard under *Gunner*, or any clearly established federal law, supports a finding that Mr. Gutierrez's appellate counsel had an obligation to inform him of the deadlines for filing a post-conviction motion challenging the effectiveness of his *appellate* counsel.  *See McClain*, 631 F. App'x at 437 (6th Cir. 2015) (declining to extend *Gunner* standard to "the ineffective-assistance-of-*appellate*-counsel context relevant under Rule 26(B)"; noting that the parallel Supreme Court precedent in *Martinez v. Ryan*, 566 U.S. 1 (2012), was "limited by its express terms to the ineffective-assistance-of-*trial*-counsel context") (emphasis in original).

Moreover, in the procedural default context, the question is not whether the state court's application of a procedural rule is contrary to or an unreasonable application of clearly established federal law, but whether the state enforced a *state* procedural rule that is independent of a petitioner's federal claim and "'firmly established and regularly followed.'"  *Walker*, 562 U.S. at 316 (quoting *Beard,* 558 U.S. at 60-61).  Thus, Petitioner's arguments that the state court's decision was contrary to federal law are inapposite to the issue before this Court.

The undersigned turns next, under the fourth *Maupin* prong, to whether Mr. Gutierrez has established that his procedural default should be excused.  To excuse his procedural default of Ground Two, Petitioner must: (1) show cause for the default and that actual prejudice resulted from the alleged violation of federal law; or (2) show that there will be a fundamental miscarriage of justice if the claims are not considered.  *See Coleman*, 501 U.S. at 750.

On the issue of "cause," Mr. Gutierrez does not argue that "something external . . . that cannot be fairly attributed to him" prevented him from properly raising his ineffective assistance of appellate counsel claim via an application under App. R. 26(B).  *Id*. at 753 (quoting *Murray*, 477 U.S. at 488).  Thus, he has failed to show cause to excuse the procedural default, and it is not necessary to consider the issue of "prejudice."  *See Engle*, 456 U.S. at 134, n. 43.  Mr. Gutierrez has failed to show cause and prejudice to excuse the procedural default of Ground Two.

Mr. Gutierrez has not argued that the procedural default of Ground Two should be excused based on his actual innocence.  (*See* ECF Docs. 1, 7, 10.)  Further, for the reasons discussed previously in Section III.C.1., *supra*, the undersigned concludes that Mr. Gutierrez has failed to show "it is more likely than not that no reasonable juror would have convicted [him] in the light of the new evidence" described in the Petition.  *Schlup*, 513 U.S. at 327.  The undersigned therefore concludes that Mr. Gutierrez has not shown a fundamental miscarriage of justice would occur if the claims underlying Ground Two were not considered.  *See Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496).

For the reasons set forth above, the undersigned concludes that Ground Two was procedurally defaulted and that Mr. Gutierrez has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground Two with prejudice.

## IV.  Recommendation

For all of the reasons set forth above, the undersigned recommends that the Court

**DISMISS** Mr. Gutierrez's Petition because all of the claims for relief set forth in the Petition

were procedurally defaulted.

DATE:  December 4, 2025

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).